UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ERIC ABATE;                                          :
AMY ABATE;                                           :
AMBER ABATE, and                                     :
ERICA ABATE                                          :
                                                     :
     v.                     :            C.A. No.
                                                     :
RHODE ISLAND HOSPITAL.;                              :
SEAN F. MONAGHAN, M.D.                               :
RHODE ISLAND EAR, NOSE                               :
AND THROAT PHYSICIANS, INC.                          :
DAVID S. BICK, M.D.                                  :
JOHN and/or JANE DOE, M.D. Alias; and  :
JOHN DOE CORPORATION, Alias            :

## COMPLAINT

### PARTIES

1.      Plaintiffs Eric Abate and Amy Abate are citizens and residents of the

Commonwealth of Massachusetts. Eric and Amy Abate are a married couple.

2.      Plaintiff Amber Abate is the daughter of Eric and Amy Abate and is a citizen

and resident of the Commonwealth of Massachusetts.

3.       Plaintiff Erica Abate is the daughter of Eric and Amy Abate and is a citizen

and resident of the Commonwealth of Massachusetts.

4.      Defendant Rhode Island Hospital is a business organization existing under the

laws of the State of Rhode Island with a principal place of business in Providence, Rhode

Island.  At all relevant times, defendant Rhode Island Hospital was engaged in the provision

of medical care services.  At all relevant times, physicians and healthcare providers involved

in the treatment of plaintiff Eric Abate were employees, agents, and/or servants of defendant

Rhode Island Hospital.

5.      Defendant Sean F. Monaghan, M.D., upon information and belief, is a citizen and resident of the State of Rhode Island. At all times mentioned herein, said defendant was engaged in the practice of medicine in the State of Rhode Island and held himself out to be a specialist in the field of surgery.

6.      Defendant Rhode Island Ear, Nose and Throat Physicians, Inc. is a business organization existing under the laws of the State of Rhode Island with a principal place of business in Providence, Rhode Island.  At all relevant times, defendant Rhode Island Ear, Nose and Throat Physicians, Inc. was engaged in the provision of medical care services.  At all relevant times, physicians and healthcare providers involved in the treatment of plaintiff Eric Abate were employees, agents, and/or servants of defendant Rhode Island Ear, Nose and Throat Physicians, Inc.

7.      Defendant David S. Bick, M.D., upon information and belief, is a citizen and resident of the State of Rhode Island. At all times mentioned herein, said defendant was engaged in the practice of medicine in the State of Rhode Island and held himself out to be a specialist in the field of otolaryngology.

8.      Defendants John and/or Jane Doe, M.D., Alias, upon information and belief, are citizens and residents of the State of Rhode Island. The true names of defendants are unknown to plaintiffs who consequently sue such defendants by said fictitious names. Plaintiffs will seek leave to amend their Complaint to state the true names of defendants John and/or Jane Doe, M.D., Alias when such have been ascertained.

9.      Defendant John Doe Corporation, Alias, upon information and belief, is registered to do business in the State of Rhode Island. The true name of defendant is unknown to plaintiffs who consequently sue said defendant by said fictitious name. Plaintiffs will seek

leave to amend their Complaint to state the true name of defendant John Doe Corporation, Alias when such has been ascertained.

## JURISDICTION

10.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that there is diversity of citizenship among the parties, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

11.     Venue in the United States District Court is proper under 28 U.S.C. § 1391(b)(2), as the events, omissions, and actions giving rise to the plaintiffs' claims occurred within the territory of the District of Rhode Island.

## FACTS

12.     On October 4, 2019, plaintiff Eric Abate was involved in an ATV accident. Emergency Medical Services transported him from the scene of the accident in North Westport, Massachusetts to Rhode Island Hospital Emergency Department.

13.     Upon arrival to the Emergency Department, his airway, breathing and circulation were normal and intact.

14.     Mr. Abate was evaluated and treated for his injuries, including being intubated by Rhode Island Hospital's agents, servants and employees.

15.     During the course of Mr. Abate's care and treatment at defendant Rhode Island Hospital, its agents, servants and employees negligently performed a percutaneous tracheotomy and intubation.

16.     Further, the defendant Rhode Island Hospital, its agents, servants and employees negligently failed to provide appropriate treatment and care resulting from the negligent intubation and tracheotomy.

17.     As a result of the negligent care provided by defendant Rhode Island Hospital, its agents, servants and employees, Eric Abate has suffered and will continue to suffer pain and suffering and his condition is permanent.

### COUNT I
### NEGLIGENCE
### RHODE ISLAND HOSPITAL

1.     Paragraphs 1 through 17 of the Complaint are hereby incorporated by reference as if set forth fully at length herein.

2.     On or about October 4, 2019 and continuing, defendant Rhode Island Hospital undertook for a valuable consideration to diagnose, treat and care for plaintiff Eric Abate.

3.     It then and there became and was the duty of said defendant Rhode Island Hospital through its agents, servants, employees and partners, to exercise ordinary care in the diagnosis, treatment and care of Mr. Abate.

4.     Nevertheless, defendant Rhode Island Hospital disregarded its duty as aforesaid and, through its agents, servants, employees, and partners, failed to exercise said ordinary care in that the employees, agents, servants, and/or partners of defendant failed to properly diagnose and failed to render adequate, proper and necessary treatment to Mr. Abate and was otherwise negligent in its diagnosis, treatment, and care of him.

5.     As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Eric Abate suffered severe personal injuries, pain and suffering. The injuries are such that in the exercise of reasonable diligence, they were not discoverable until October 4, 2019 or thereafter.

6.      As a direct and proximate result of defendant's negligence as aforesaid, Eric Abate suffered severe injuries to his mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, has suffered a loss of earning capacity and loss of earnings, and loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

7.      By reason of the foregoing, plaintiffs have incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

8.      As a direct and proximate result of defendant's negligence described above, plaintiff Amy Abate has suffered and will continue to suffer the loss of society, services, companionship and comfort of her husband Eric Abate which she is entitled to recover pursuant to Rhode Island General Laws §9-1-41.

9.      As a direct and proximate result of the defendant's negligence as aforesaid, Mr. Abate loss the chance to avoid the ultimate harm and injuries suffered.

10.      By reason of the foregoing, plaintiffs, Amber Abate and Erica Abate, have been and will continue to be deprived of parental society and companionship of their father Eric Abate.

WHEREFORE, plaintiffs Eric Abate, Amy Abate, Amber Abate and Erica Abate demand judgment against defendant Rhode Island Hospital in a sum sufficient to establish the jurisdiction of this court, exclusive of interest and costs and whatever further relief this Court deems just.

5

## COUNT II
## LACK OF INFORMED CONSENT
## RHODE ISLAND HOSPITAL

1.      Paragraphs 1 through 17 of the Complaint and Count I are hereby incorporated by reference as if set forth fully at length herein.

2.      It then and there became the duty of defendant Rhode Island Hospital, no emergency existing, to inform Mr. Abate of the risks of harm attendant to the course of treatment and care it proposed to administer to and perform upon him so that he could give his informed consent to the course of such treatment. It also then and there became the duty of defendant to obtain Mr. Abate's informed consent before proceeding with said course of treatment and care.

3.      Nevertheless, defendant Rhode Island Hospital disregarded its duty as aforesaid and failed to inform Mr. Abate of the risks of harm attendant to the course of treatment and care in question and proceeded to perform said course of treatment and care without having obtained his informed consent.

4.      If defendant Rhode Island Hospital had informed Mr. Abate of the risks of harm attendant to the course of treatment and care in question including, but not limited to, the risk of him suffering those injuries from which he suffered and continues to suffer as a direct result of defendant's performance of the course of treatment and care in question, Mr. Abate would have refused to consent to the performance of said course of treatment and care.

5.      As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Eric Abate suffered severe personal injuries, pain and suffering. The injuries are such that in the exercise of reasonable diligence, they were not discoverable until October 4, 2019 or thereafter.

6.      As a direct and proximate result of defendant's negligence as aforesaid, Eric Abate suffered severe injuries to his mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, has suffered a loss of earning capacity and loss of earnings, and loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

7.      By reason of the foregoing, plaintiffs have incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

8.      As a direct and proximate result of defendant's negligence described above, plaintiff Amy Abate has suffered and will continue to suffer the loss of society, services, companionship and comfort of her husband Eric Abate which she is  entitled to recover pursuant to Rhode Island General Laws §9-1-41.

9.      As a direct and proximate result of the defendant's negligence as aforesaid, Mr. Abate loss the chance to avoid the ultimate harm and injuries suffered.

10.     By reason of the foregoing, plaintiffs, Amber Abate and Erica Abate, have been and will continue to be deprived of parental society and companionship of their father Eric Abate.

WHEREFORE, plaintiffs Eric Abate, Amy Abate, Amber Abate and Erica Abate demand judgment against defendant Rhode Island Hospital in a sum sufficient to establish the jurisdiction of this court, exclusive of interest and costs and whatever further relief this Court deems just.

## COUNT III
## CORPORATE LIABILITY
## RHODE ISLAND HOSPITAL

1.      Paragraphs 1 through 17 of the Complaint and Counts I and II are hereby incorporated by reference as if set forth fully at length herein.

2.      It then and there became and was the duty of defendant Rhode Island Hospital to provide quality medical care to Mr. Abate to protect his safety, to protect him from incompetent and/or negligent treatment, and to otherwise exercise reasonable care for his protection and well-being.

3.      Nevertheless, defendant Rhode Island Hospital negligently disregarded its duty as aforesaid in that it failed to promulgate and enforce policies and procedures to ensure the delivery of ordinary medical care and otherwise failed to discharge its responsibilities as a hospital to Mr. Abate.

4.      As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Eric Abate suffered severe personal injuries, pain and suffering. The injuries are such that in the exercise of reasonable diligence, they were not discoverable until October 4, 2019 or thereafter.

5.      As a direct and proximate result of defendant's negligence as aforesaid, Eric Abate suffered severe injuries to his mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, has suffered a loss of earning capacity and loss of earnings, and loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

6.      By reason of the foregoing, plaintiffs have incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

7.      As a direct and proximate result of defendant's negligence described above, plaintiff Amy Abate has suffered and will continue to suffer the loss of society, services, companionship and comfort of her husband Eric Abate which she is  entitled to recover pursuant to Rhode Island General Laws §9-1-41.

8.      As a direct and proximate result of the defendant's negligence as aforesaid, Mr. Abate loss the chance to avoid the ultimate harm and injuries suffered.

9.      By reason of the foregoing, plaintiffs, Amber Abate and Erica Abate, have been and will continue to be deprived of parental society and companionship of their father Eric Abate.

WHEREFORE, plaintiffs Eric Abate, Amy Abate, Amber Abate and Erica Abate demand judgment against defendant Rhode Island Hospital in a sum sufficient to establish the jurisdiction of this court, exclusive of interest and costs and whatever further relief this Court deems just.

### COUNT IV
### VICARIOUS LIABILITY
### RHODE ISLAND HOSPITAL

1.      Paragraphs 1 through 17 of the Complaint and Counts I through III are hereby incorporated by reference as if set forth fully at length herein.

2.      Defendant Sean F. Monaghan, M.D. was an employee, agent and/or servant of defendant Rhode Island Hospital and was acting within the scope of his employment at all times relevant hereto.

3.      Defendant Rhode Island Hospital was at all relevant times vicariously responsible for the acts of its employees, agents and/or servants, including, but not limited to, the acts of defendant Sean F. Monaghan, M.D., as set forth above.

4.      As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Eric Abate suffered severe personal injuries, pain and suffering. The injuries are such that in the exercise of reasonable diligence, they were not discoverable until October 4, 2019 or thereafter.

5.      As a direct and proximate result of defendant's negligence as aforesaid, Eric Abate suffered severe injuries to his mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, has suffered a loss of earning capacity and loss of earnings, and loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

6.      By reason of the foregoing, plaintiffs have incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

7.      As a direct and proximate result of defendant's negligence described above, plaintiff Amy Abate has suffered and will continue to suffer the loss of society, services, companionship and comfort of her husband Eric Abate which she is  entitled to recover pursuant to Rhode Island General Laws §9-1-41.

8.      As a direct and proximate result of the defendant's negligence as aforesaid, Mr. Abate loss the chance to avoid the ultimate harm and injuries suffered.

10

9.     By reason of the foregoing, plaintiffs, Amber Abate and Erica Abate, have been and will continue to be deprived of parental society and companionship of their father Eric Abate.

WHEREFORE, plaintiffs Eric Abate, Amy Abate, Amber Abate and Erica Abate demand judgment against defendant Rhode Island Hospital in a sum sufficient to establish the jurisdiction of this court, exclusive of interest and costs and whatever further relief this Court deems just.

### COUNT V
### NEGLIGENCE
### SEAN F. MONAGHAN, M.D.

1.     Plaintiffs hereby incorporate Paragraphs 1 through 17 by reference as if set forth fully at length herein.

2.     On or about October 4, 2019 and continuing, defendant Sean F. Monaghan, M.D. undertook for a valuable consideration to diagnose, treat, and care for plaintiff Eric Abate.

3.     It then and there became and was the duty of the defendant Sean F. Monaghan, M.D. to exercise that degree of diligence and skill required of the average physician in the practice of surgery.

4.     Nevertheless, defendant Sean F. Monaghan, M.D. disregarded his duty as aforesaid and failed to exercise said degree of diligence and skill in that he failed to properly diagnose and failed to render adequate, proper, and necessary treatment to Mr. Abate and was otherwise negligent in his diagnosis, treatment, and care of him.

5.      As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Eric Abate suffered severe personal injuries, pain and suffering. The injuries are such that in the exercise of reasonable diligence, they were not discoverable until October 4, 2019 or thereafter.

6.      As a direct and proximate result of defendant's negligence as aforesaid, Eric Abate suffered severe injuries to his mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, has suffered a loss of earning capacity and loss of earnings, and loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

7.      By reason of the foregoing, plaintiffs have incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

8.      As a direct and proximate result of defendant's negligence described above, plaintiff Amy Abate has suffered and will continue to suffer the loss of society, services, companionship and comfort of her husband Eric Abate which she is  entitled to recover pursuant to Rhode Island General Laws §9-1-41.

9.      As a direct and proximate result of the defendant's negligence as aforesaid, Mr. Abate loss the chance to avoid the ultimate harm and injuries suffered.

10.      By reason of the foregoing, plaintiffs, Amber Abate and Erica Abate, have been and will continue to be deprived of parental society and companionship of their father Eric Abate.

WHEREFORE, plaintiffs Eric Abate, Amy Abate, Amber Abate and Erica Abate demand judgment against defendant Sean F. Monaghan, M.D in a sum sufficient to establish the jurisdiction of this court, exclusive of interest and costs and whatever further relief this Court deems just.

### COUNT VI
### LACK OF INFORMED CONSENT
### SEAN F. MONAGHAN, M.D.

1.      Paragraphs 1 through 17 and Count V are hereby incorporated by reference as if set forth fully at length herein.

2.      On or about October 4, 2019 and continuing, defendant Sean F. Monaghan, M.D. undertook for a valuable consideration to diagnose, treat, and care for plaintiff Eric Abate.

3.      It then and there became the duty of defendant Sean F. Monaghan, M.D., no emergency existing, to inform Mr. Abate of the risks of harm attendant to the course of treatment and care he proposed to administer to and perform upon him so that he could give his informed consent to the course of such treatment. It also then and there became the duty of defendant to obtain Mr. Abate's informed consent before proceeding with said course of treatment and care.

4.      Nevertheless, defendant Sean F. Monaghan, M.D. disregarded his duty as aforesaid and failed to inform Mr. Abate of the risks of harm attendant to the course of treatment and care in question and proceeded to perform said course of treatment and care without having obtained his informed consent.

5.      If defendant Sean F. Monaghan, M.D. had informed Mr. Abate of the risks of harm attendant to the course of treatment and care in question including, but not limited to, the risk of him suffering those injuries from which he suffered and continues to suffer as a

direct result of defendants' performance of the course of treatment and care in question, Mr. Abate would have refused to consent to the performance of said course of treatment and care.

6.     As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Eric Abate suffered severe personal injuries, pain and suffering. The injuries are such that in the exercise of reasonable diligence, they were not discoverable until October 4, 2019 or thereafter.

7.     As a direct and proximate result of defendant's negligence as aforesaid, Eric Abate suffered severe injuries to his mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, has suffered a loss of earning capacity and loss of earnings, and loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

8.     By reason of the foregoing, plaintiffs have incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

9.     As a direct and proximate result of defendant's negligence described above, plaintiff Amy Abate has suffered and will continue to suffer the loss of society, services, companionship and comfort of her husband Eric Abate which she is  entitled to recover pursuant to Rhode Island General Laws §9-1-41.

10.     As a direct and proximate result of the defendant's negligence as aforesaid, Mr. Abate loss the chance to avoid the ultimate harm and injuries suffered.

11.     By reason of the foregoing, plaintiffs, Amber Abate and Erica Abate, have been and will continue to be deprived of parental society and companionship of their father Eric Abate.

WHEREFORE, plaintiffs Eric Abate, Amy Abate, Amber Abate and Erica Abate demand judgment against defendant Sean F. Monaghan, M.D in a sum sufficient to establish the jurisdiction of this court, exclusive of interest and costs and whatever further relief this Court deems just.

### COUNT VII
### NEGLIGENCE
### RHODE ISLAND EAR, NOSE AND THROAT PHYSICIANS, INC.

1.      Paragraphs 1 through 17 of the Complaint are hereby incorporated by reference as if set forth fully at length herein.

2.      On or about October 4, 2019 and continuing, defendant Rhode Island Ear, Nose and Throat Physicians, Inc. undertook for a valuable consideration to diagnose, treat and care for plaintiff Eric Abate.

3.      It then and there became and was the duty of said defendant Rhode Island Ear, Nose and Throat Physicians, Inc. through its agents, servants, employees and partners, to exercise ordinary care in the diagnosis, treatment and care of Mr. Abate.

4.      Nevertheless, defendant Rhode Island Ear, Nose and Throat Physicians, Inc. disregarded its duty as aforesaid and, through its agents, servants, employees, and partners, failed to exercise said ordinary care in that the employees, agents, servants, and/or partners of defendant failed to properly diagnose and failed to render adequate, proper and necessary treatment to Mr. Abate and was otherwise negligent in its diagnosis, treatment, and care of him.

5.      As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Eric Abate suffered severe personal injuries, pain and suffering. The injuries are such that in the exercise of reasonable diligence, they were not discoverable until October 4, 2019 or thereafter.

6.      As a direct and proximate result of defendant's negligence as aforesaid, Eric Abate suffered severe injuries to his mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, has suffered a loss of earning capacity and loss of earnings, and loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

7.      By reason of the foregoing, plaintiffs have incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

8.      As a direct and proximate result of defendant's negligence described above, plaintiff Amy Abate has suffered and will continue to suffer the loss of society, services, companionship and comfort of her husband Eric Abate which she is entitled to recover pursuant to Rhode Island General Laws §9-1-41.

9.      As a direct and proximate result of the defendant's negligence as aforesaid, Mr. Abate loss the chance to avoid the ultimate harm and injuries suffered.

10.      By reason of the foregoing, plaintiffs, Amber Abate and Erica Abate, have been and will continue to be deprived of parental society and companionship of their father Eric Abate.

WHEREFORE, plaintiffs Eric Abate, Amy Abate, Amber Abate and Erica Abate demand judgment against defendant Rhode Island Ear, Nose and Throat Physicians, Inc. in a sum sufficient to establish the jurisdiction of this court, exclusive of interest and costs and whatever further relief this Court deems just.

## COUNT VIII
## LACK OF INFORMED CONSENT
## RHODE ISLAND EAR, NOSE AND THROAT PHYSICIANS, INC.

1.      Paragraphs 1 through 17 of the Complaint and Count VII are hereby incorporated by reference as if set forth fully at length herein.

2.      It then and there became the duty of defendant Rhode Island Ear, Nose and Throat Physicians, Inc., no emergency existing, to inform Mr. Abate of the risks of harm attendant to the course of treatment and care it proposed to administer to and perform upon him so that he could give his informed consent to the course of such treatment. It also then and there became the duty of defendant to obtain Mr. Abate's informed consent before proceeding with said course of treatment and care.

3.      Nevertheless, defendant Rhode Island Ear, Nose and Throat Physicians, Inc. disregarded its duty as aforesaid and failed to inform Mr. Abate of the risks of harm attendant to the course of treatment and care in question and proceeded to perform said course of treatment and care without having obtained his informed consent.

4.      If defendant Rhode Island Ear, Nose and Throat Physicians, Inc. had informed Mr. Abate of the risks of harm attendant to the course of treatment and care in question including, but not limited to, the risk of him suffering those injuries from which he suffered and continues to suffer as a direct result of defendant's performance of the course of treatment and care in question, Mr. Abate would have refused to consent to the performance of said course of treatment and care.

5.      As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Eric Abate suffered severe personal injuries, pain and suffering. The injuries are such that in the exercise of reasonable diligence, they were not discoverable until October 4, 2019 or thereafter.

6.    As a direct and proximate result of defendant's negligence as aforesaid, Eric Abate suffered severe injuries to his mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, has suffered a loss of earning capacity and loss of earnings, and loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

7.    By reason of the foregoing, plaintiffs have incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

8.    As a direct and proximate result of defendant's negligence described above, plaintiff Amy Abate has suffered and will continue to suffer the loss of society, services, companionship and comfort of her husband Eric Abate which she is  entitled to recover pursuant to Rhode Island General Laws §9-1-41.

9.    As a direct and proximate result of the defendant's negligence as aforesaid, Mr. Abate loss the chance to avoid the ultimate harm and injuries suffered.

10.    By reason of the foregoing, plaintiffs, Amber Abate and Erica Abate, have been and will continue to be deprived of parental society and companionship of their father Eric Abate.

WHEREFORE, plaintiffs Eric Abate, Amy Abate, Amber Abate and Erica Abate demand judgment against defendant Rhode Island Ear, Nose and Throat Physicians, Inc. in a sum sufficient to establish the jurisdiction of this court, exclusive of interest and costs and whatever further relief this Court deems just.

## COUNT IX
## CORPORATE LIABILITY
## RHODE ISLAND EAR, NOSE AND THROAT PHYSICIANS, INC.

1.  Paragraphs 1 through 17 of the Complaint and Counts VII and VIII are hereby incorporated by reference as if set forth fully at length herein.

2.  It then and there became and was the duty of defendant Rhode Island Ear, Nose and Throat Physicians, Inc. to provide quality medical care to Mr. Abate to protect his safety, to protect him from incompetent and/or negligent treatment, and to otherwise exercise reasonable care for his protection and well-being.

3.  Nevertheless, defendant Rhode Island Ear, Nose and Throat Physicians, Inc. negligently disregarded its duty as aforesaid in that it failed to promulgate and enforce policies and procedures to ensure the delivery of ordinary medical care and otherwise failed to discharge its responsibilities as a hospital to Mr. Abate.

4.  As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Eric Abate suffered severe personal injuries, pain and suffering. The injuries are such that in the exercise of reasonable diligence, they were not discoverable until October 4, 2019 or thereafter.

5.  As a direct and proximate result of defendant's negligence as aforesaid, Eric Abate suffered severe injuries to his mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, has suffered a loss of earning capacity and loss of earnings, and loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

6.      By reason of the foregoing, plaintiffs have incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

7.      As a direct and proximate result of defendant's negligence described above, plaintiff Amy Abate has suffered and will continue to suffer the loss of society, services, companionship and comfort of her husband Eric Abate which she is  entitled to recover pursuant to Rhode Island General Laws §9-1-41.

8.      As a direct and proximate result of the defendant's negligence as aforesaid, Mr. Abate loss the chance to avoid the ultimate harm and injuries suffered.

9.      By reason of the foregoing, plaintiffs, Amber Abate and Erica Abate, have been and will continue to be deprived of parental society and companionship of their father Eric Abate.

WHEREFORE, plaintiffs Eric Abate, Amy Abate, Amber Abate and Erica Abate demand judgment against defendant Rhode Island Ear, Nose and Throat Physicians, Inc. in a sum sufficient to establish the jurisdiction of this court, exclusive of interest and costs and whatever further relief this Court deems just.

### COUNT X
### VICARIOUS LIABILITY
### RHODE ISLAND EAR, NOSE AND THROAT PHYSICIANS, INC.

1.      Paragraphs 1 through 17 of the Complaint and Counts VII through IX are hereby incorporated by reference as if set forth fully at length herein.

2.      Defendant David S. Bick, M.D. was an employee, agent and/or servant of defendant Rhode Island Ear, Nose and Throat Physicians, Inc. and was acting within the scope of his employment at all times relevant hereto.

3.      Defendant Rhode Island Ear, Nose and Throat Physicians, Inc. was at all relevant times vicariously responsible for the acts of its employees, agents and/or servants, including, but not limited to, the acts of defendant David S. Bick, M.D., as set forth above.

4.      As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Eric Abate suffered severe personal injuries, pain and suffering. The injuries are such that in the exercise of reasonable diligence, they were not discoverable until October 4, 2019 or thereafter.

5.      As a direct and proximate result of defendant's negligence as aforesaid, Eric Abate suffered severe injuries to his mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, has suffered a loss of earning capacity and loss of earnings, and loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

6.      By reason of the foregoing, plaintiffs have incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

7.      As a direct and proximate result of defendant's negligence described above, plaintiff Amy Abate has suffered and will continue to suffer the loss of society, services, companionship and comfort of her husband Eric Abate which she is  entitled to recover pursuant to Rhode Island General Laws §9-1-41.

8.      As a direct and proximate result of the defendant's negligence as aforesaid, Mr. Abate loss the chance to avoid the ultimate harm and injuries suffered.

9.     By reason of the foregoing, plaintiffs, Amber Abate and Erica Abate, have been and will continue to be deprived of parental society and companionship of their father Eric Abate.

WHEREFORE, plaintiffs Eric Abate, Amy Abate, Amber Abate and Erica Abate demand judgment against defendant Rhode Island Ear, Nose and Throat Physicians, Inc. in a sum sufficient to establish the jurisdiction of this court, exclusive of interest and costs and whatever further relief this Court deems just.

### COUNT XI
### NEGLIGENCE
### DAVID S. BICK, M.D.

1.     Plaintiffs hereby incorporate Paragraphs 1 through 17 by reference as if set forth fully at length herein.

2.     On or about October 4, 2019 and continuing, defendant David S. Bick, M.D. undertook for a valuable consideration to diagnose, treat, and care for plaintiff Eric Abate.

3.     It then and there became and was the duty of the defendant David S. Bick, M.D. to exercise that degree of diligence and skill required of the average physician in the practice of otolaryngology.

4.     Nevertheless, defendant David S. Bick, M.D. disregarded his duty as aforesaid and failed to exercise said degree of diligence and skill in that he failed to properly diagnose and failed to render adequate, proper, and necessary treatment to Mr. Abate and was otherwise negligent in his diagnosis, treatment, and care of him.

5.     As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Eric Abate suffered severe personal injuries, pain and suffering. The injuries are such that in the exercise of reasonable diligence, they were not discoverable until October 4, 2019 or thereafter.

6.      As a direct and proximate result of defendant's negligence as aforesaid, Eric Abate suffered severe injuries to his mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, has suffered a loss of earning capacity and loss of earnings, and loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

7.      By reason of the foregoing, plaintiffs have incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

8.      As a direct and proximate result of defendant's negligence described above, plaintiff Amy Abate has suffered and will continue to suffer the loss of society, services, companionship and comfort of her husband Eric Abate which she is  entitled to recover pursuant to Rhode Island General Laws §9-1-41.

9.      As a direct and proximate result of the defendant's negligence as aforesaid, Mr. Abate loss the chance to avoid the ultimate harm and injuries suffered.

10.      By reason of the foregoing, plaintiffs, Amber Abate and Erica Abate, have been and will continue to be deprived of parental society and companionship of their father Eric Abate.

WHEREFORE, plaintiffs Eric Abate, Amy Abate, Amber Abate and Erica Abate demand judgment against defendant David S. Bick, M.D in a sum sufficient to establish the jurisdiction of this court, exclusive of interest and costs and whatever further relief this Court deems just.

## COUNT XII
## LACK OF INFORMED CONSENT
## DAVID S. BICK, M.D.

1.      Paragraphs 1 through 17 and Count XI are hereby incorporated by reference as if set forth fully at length herein.

2.      On or about October 4, 2019 and continuing, defendant David S. Bick, M.D. undertook for a valuable consideration to diagnose, treat, and care for plaintiff Eric Abate.

3.      It then and there became the duty of defendant David S. Bick, M.D., no emergency existing, to inform Mr. Abate of the risks of harm attendant to the course of treatment and care he proposed to administer to and perform upon him so that he could give his informed consent to the course of such treatment. It also then and there became the duty of defendant to obtain Mr. Abate's informed consent before proceeding with said course of treatment and care.

4.      Nevertheless, defendant David S. Bick, M.D. disregarded his duty as aforesaid and failed to inform Mr. Abate of the risks of harm attendant to the course of treatment and care in question and proceeded to perform said course of treatment and care without having obtained his informed consent.

5.      If defendant David S. Bick, M.D. had informed Mr. Abate of the risks of harm attendant to the course of treatment and care in question including, but not limited to, the risk of him suffering those injuries from which he suffered and continues to suffer as a direct result of defendants' performance of the course of treatment and care in question, Mr. Abate would have refused to consent to the performance of said course of treatment and care.

6.      As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Eric Abate suffered severe personal injuries, pain and suffering. The injuries are such that in the exercise of reasonable diligence, they were not discoverable until October 4, 2019 or thereafter.

7.      As a direct and proximate result of defendant's negligence as aforesaid, Eric Abate suffered severe injuries to his mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, has suffered a loss of earning capacity and loss of earnings, and loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

8.      By reason of the foregoing, plaintiffs have incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

9.      As a direct and proximate result of defendant's negligence described above, plaintiff Amy Abate has suffered and will continue to suffer the loss of society, services, companionship and comfort of her husband Eric Abate which she is  entitled to recover pursuant to Rhode Island General Laws §9-1-41.

10.      As a direct and proximate result of the defendant's negligence as aforesaid, Mr. Abate loss the chance to avoid the ultimate harm and injuries suffered.

11.      By reason of the foregoing, plaintiffs, Amber Abate and Erica Abate, have been and will continue to be deprived of parental society and companionship of their father Eric Abate.

WHEREFORE, plaintiffs Eric Abate, Amy Abate, Amber Abate and Erica Abate demand judgment against defendant David S. Bick, M.D in a sum sufficient to establish the jurisdiction of this court, exclusive of interest and costs and whatever further relief this Court deems just.

### COUNT XIII
### NEGLIGENCE
### JOHN AND/OR JANE DOE, M.D., ALIAS

1.     Plaintiffs hereby incorporate Paragraphs 1 through 17 by reference as if set forth fully at length herein.

2.     On or about October 4, 2019 and continuing, defendants undertook for a valuable consideration to diagnose, treat, and care for plaintiff Eric Abate.

3.     It then and there became and was the duty of the defendants to exercise that degree of diligence and skill required of the average physicians in the practice of medicine.

4.     Nevertheless, defendants disregarded their duty as aforesaid and failed to exercise said degree of diligence and skill in that they failed to properly diagnose and failed to render adequate, proper, and necessary treatment to Mr. Abate and were otherwise negligent in their diagnosis, treatment, and care of him.

5.     As a direct and proximate result of defendants' negligence, carelessness and recklessness as aforesaid, Eric Abate suffered severe personal injuries, pain and suffering. The injuries are such that in the exercise of reasonable diligence, they were not discoverable until October 4, 2019 or thereafter.

6.     As a direct and proximate result of defendants' negligence as aforesaid, Eric Abate suffered severe injuries to his mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, has suffered a loss of earning capacity and

loss of earnings, and loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

7.      By reason of the foregoing, plaintiffs have incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

8.      As a direct and proximate result of defendants' negligence described above, plaintiff Amy Abate has suffered and will continue to suffer the loss of society, services, companionship and comfort of her husband Eric Abate which she is  entitled to recover pursuant to Rhode Island General Laws §9-1-41.

9.      As a direct and proximate result of the defendant's negligence as aforesaid, Mr. Abate loss the chance to avoid the ultimate harm and injuries suffered.

10.     By reason of the foregoing, plaintiffs, Amber Abate and Erica Abate, have been and will continue to be deprived of parental society and companionship of their father Eric Abate.

WHEREFORE, plaintiffs Eric Abate, Amy Abate, Amber Abate and Erica Abate demand judgment against defendants John and/or Jane Doe, M.D., Alias in a sum sufficient to establish the jurisdiction of this court, exclusive of interest and costs and whatever further relief this Court deems just.

### COUNT XIV
### LACK OF INFORMED CONSENT
### JOHN AND/OR JANE DOE, M.D., ALIAS

1.      Paragraphs 1 through 17 and Count XIII are hereby incorporated by reference as if set forth fully at length herein.

2.      It then and there became the duty of defendants, no emergency existing, to inform Mr. Abate of the risks of harm attendant to the course of treatment and care they

proposed to administer to and perform upon him so that he could give his informed consent to the course of such treatment. It also then and there became the duty of defendants to obtain Mr. Abate's informed consent before proceeding with said course of treatment and care.

3.      Nevertheless, defendants disregarded their duty as aforesaid and failed to inform Mr. Abate of the risks of harm attendant to the course of treatment and care in question and proceeded to perform said course of treatment and care without having obtained his informed consent.

4.      If defendants had informed Mr. Abate of the risks of harm attendant to the course of treatment and care in question including, but not limited to, the risk of him suffering those injuries from which he suffered and continues to suffer as a direct result of defendants' performance of the course of treatment and care in question, Mr. Abate would have refused to consent to the performance of said course of treatment and care.

5.      As a direct and proximate result of defendants' negligence, carelessness and recklessness as aforesaid, Eric Abate suffered severe personal injuries, pain and suffering. The injuries are such that in the exercise of reasonable diligence, they were not discoverable until October 4, 2019 or thereafter.

6.      As a direct and proximate result of defendants' negligence as aforesaid, Eric Abate suffered severe injuries to his mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, has suffered a loss of earning capacity and loss of earnings, and loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

7.      By reason of the foregoing, plaintiffs have incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

8.      As a direct and proximate result of defendants' negligence described above, plaintiff Amy Abate has suffered and will continue to suffer the loss of society, services, companionship and comfort of her husband Eric Abate which she is  entitled to recover pursuant to Rhode Island General Laws §9-1-41.

9.      As a direct and proximate result of the defendant's negligence as aforesaid, Mr. Abate loss the chance to avoid the ultimate harm and injuries suffered.

10.     By reason of the foregoing, plaintiffs, Amber Abate and Erica Abate, have been and will continue to be deprived of parental society and companionship of their father Eric Abate.

WHEREFORE, plaintiffs Eric Abate, Amy Abate, Amber Abate and Erica Abate demand judgment against defendants John and/or Jane Doe, M.D., Alias in a sum sufficient to establish the jurisdiction of this court, exclusive of interest and costs and whatever further relief this Court deems just.

### COUNT XV
### NEGLIGENCE
### JOHN DOE CORPORATION, ALIAS

1.      Paragraphs 1 through 17 of the Complaint are hereby incorporated by reference as if set forth fully at length herein.

2.      Defendant undertook for a valuable consideration to diagnose, treat and care for plaintiff Eric Abate.

3.     It then and there became and was the duty of said defendant through its agents, servants, employees and partners, to exercise ordinary care in the diagnosis, treatment and care of Mr. Abate.

4.     Nevertheless, defendant disregarded its duty as aforesaid and, through its agents, servants, employees, and partners, failed to exercise said ordinary care in that the employees, agents, servants, and/or partners of defendant failed to properly diagnose and failed to render adequate, proper and necessary treatment to Mr. Abate and were otherwise negligent in their diagnosis, treatment, and care of him.

5.     As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Eric Abate suffered severe personal injuries, pain and suffering. The injuries are such that in the exercise of reasonable diligence, they were not discoverable until October 4, 2019 or thereafter.

6.     As a direct and proximate result of defendant's negligence as aforesaid, Eric Abate suffered severe injuries to his mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, has suffered a loss of earning capacity and loss of earnings, and loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

7.     By reason of the foregoing, plaintiffs have incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

8.     As a direct and proximate result of defendant's negligence described above, plaintiff Amy Abate has suffered and will continue to suffer the loss of society, services,

companionship and comfort of her husband Eric Abate which she is entitled to recover pursuant to Rhode Island General Laws §9-1-41.

9.      As a direct and proximate result of the defendant's negligence as aforesaid, Mr. Abate loss the chance to avoid the ultimate harm and injuries suffered.

10.     By reason of the foregoing, plaintiffs, Amber Abate and Erica Abate, have been and will continue to be deprived of parental society and companionship of their father Eric Abate.

WHEREFORE, plaintiffs Eric Abate, Amy Abate, Amber Abate and Erica Abate demand judgment against defendants John Doe Corporation, Alias in a sum sufficient to establish the jurisdiction of this court, exclusive of interest and costs and whatever further relief this Court deems just.

### COUNT XVI
### LACK OF INFORMED CONSENT
### JOHN DOE CORPORATION, ALIAS

1.      Paragraphs 1 through 17 and Count XV are hereby incorporated by reference as if set forth fully at length herein.

2.      It then and there became the duty of defendant, no emergency existing, to inform Mr. Abate of the risks of harm attendant to the course of treatment and care it proposed to administer to and perform upon him so that he could give his informed consent to the course of such treatment. It also then and there became the duty of defendant to obtain Mr. Abate's informed consent before proceeding with said course of treatment and care.

3.      Nevertheless, defendant disregarded its duty as aforesaid and failed to inform Mr. Abate of the risks of harm attendant to the course of treatment and care in question and proceeded to perform said course of treatment and care without having obtained his informed consent.

4.      If defendant had informed Mr. Abate of the risks of harm attendant to the course of treatment and care in question including, but not limited to, the risk of him suffering those injuries from which he suffered and continues to suffer as a direct result of defendant's performance of the course of treatment and care in question, Mr. Abate would have refused to consent to the performance of said course of treatment and care.

5.      As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Eric Abate suffered severe personal injuries, pain and suffering. The injuries are such that in the exercise of reasonable diligence, they were not discoverable until October 4, 2019 or thereafter.

6.      As a direct and proximate result of defendant's negligence as aforesaid, Eric Abate suffered severe injuries to his mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, has suffered a loss of earning capacity and loss of earnings, and loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

7.      By reason of the foregoing, plaintiffs have incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

8.      As a direct and proximate result of defendant's negligence described above, plaintiff Amy Abate has suffered and will continue to suffer the loss of society, services, companionship and comfort of her husband Eric Abate which she is  entitled to recover pursuant to Rhode Island General Laws §9-1-41.

9.      As a direct and proximate result of the defendant's negligence as aforesaid, Mr. Abate loss the chance to avoid the ultimate harm and injuries suffered.

32

10.     By reason of the foregoing, plaintiffs, Amber Abate and Erica Abate, have been and will continue to be deprived of parental society and companionship of their father Eric Abate.

WHEREFORE, plaintiffs Eric Abate, Amy Abate, Amber Abate and Erica Abate demand judgment against defendant John Doe Corporation, Alias in a sum sufficient to establish the jurisdiction of this court, exclusive of interest and costs and whatever further relief this Court deems just.

## COUNT XVII
## CORPORATE LIABILITY
## JOHN DOE CORPORATION, ALIAS

1.     Paragraphs 1 through 17 and Counts XV and XVI are hereby incorporated by reference as if set forth fully at length herein.

2.     It then and there became and was the duty of defendant to provide quality medical care to Mr. Abate, to protect his safety, to protect him from incompetent and/or negligent treatment, and to otherwise exercise reasonable care for his protection and well-being.

3.     Nevertheless, defendant negligently disregarded its duty as aforesaid in that it failed to promulgate and enforce policies and procedures to ensure the delivery of ordinary medical care and otherwise failed to discharge its responsibilities as a medical group to Mr. Abate

4.     As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Eric Abate suffered personal injuries, pain and suffering. The injuries are such that in the exercise of reasonable diligence, they were not discoverable until October 4, 2019 or thereafter.

5.      As a direct and proximate result of defendant's negligence as aforesaid, Eric Abate suffered severe injuries to his mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, all of which injuries are permanent, and has been otherwise permanently damaged.

6.      By reason of the foregoing, plaintiffs have incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

7.      As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Eric Abate suffered severe personal injuries, pain and suffering. The injuries are such that in the exercise of reasonable diligence, they were not discoverable until October 4, 2019 or thereafter.

8.      As a direct and proximate result of defendant's negligence as aforesaid, Eric Abate suffered severe injuries to his mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, has suffered a loss of earning capacity and loss of earnings, and loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

9.      By reason of the foregoing, plaintiffs have incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

10.     As a direct and proximate result of defendant's negligence described above, plaintiff Amy Abate has suffered and will continue to suffer the loss of society, services,

companionship and comfort of her husband Eric Abate which she is entitled to recover pursuant to Rhode Island General Laws §9-1-41.

11.    By reason of the foregoing, plaintiffs, Amber Abate and Erica Abate, have been and will continue to be deprived of parental society and companionship of their father Eric Abate.

WHEREFORE, plaintiffs Eric Abate, Amy Abate, Amber Abate and Erica Abate demand judgment against defendants John Doe Corporation, Alias in a sum sufficient to establish the jurisdiction of this court, exclusive of interest and costs and whatever further relief this Court deems just.

### COUNT XVIII
### VICARIOUS LIABILITY
### JOHN DOE CORPORATION, ALIAS

1.    Paragraphs 1 through 17 and Counts XV through XVII are hereby incorporated by reference as if fully set forth fully at length herein.

2.    Defendants John and/or Jane Doe, M.D., Alias were employees, agents and/or servants of defendant John Doe Corporation, Alias and were acting within the scope of their employment at all times relevant hereto.

3.    Defendant John Doe Corporation, Alias was at all relevant times vicariously responsible for the acts of its employees, agents and/or servants, including, but not limited to, the acts of defendants John and/or Jane Doe, M.D., Alias as set forth above.

4.    As a direct and proximate result of defendant

5.    s negligence, carelessness and recklessness as aforesaid, Eric Abate suffered severe personal injuries, pain and suffering. The injuries are such that in the exercise of reasonable diligence, they were not discoverable until October 4, 2019 or thereafter.

6.    As a direct and proximate result of defendant's negligence as aforesaid, Eric Abate suffered severe injuries to his mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, has suffered a loss of earning capacity and loss of earnings, and loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

7.    By reason of the foregoing, plaintiffs have incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

8.    As a direct and proximate result of defendant's negligence described above, plaintiff Amy Abate has suffered and will continue to suffer the loss of society, services, companionship and comfort of her husband Eric Abate which she is  entitled to recover pursuant to Rhode Island General Laws §9-1-41.

9.    As a direct and proximate result of the defendant Rhode Island Hospital's negligence as aforesaid, Mr. Abate loss the chance to avoid the ultimate harm and injuries suffered.

10.    By reason of the foregoing, plaintiffs, Amber Abate and Erica Abate, have been and will continue to be deprived of parental society and companionship of their father Eric Abate.

WHEREFORE, plaintiffs Eric Abate, Amy Abate, Amber Abate and Erica Abate demand judgment against defendants John Doe Corporation, Alias in a sum sufficient to establish the jurisdiction of this court, exclusive of interest and costs and whatever further relief this Court deems just.

**PLAINTIFF PRAYS FOR TRIAL BY JURY
AND DESIGNATES
AMATO DELUCA AS TRIAL ATTORNEY**

Plaintiffs,
By their Attorneys,


/s/ Amato A. DeLuca
Amato A. DeLuca (#0531)
**DeLUCA & ASSOCIATES, LTD.**
199 North Main Street
Providence, RI 02903
(401) 453-1500
(401) 453-1501 Fax

Dated: September 7, 2022